# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| Patricia Lucas, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  10 C 4838 |
| | ) | |
| Global Credit & Collection Corporation, | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Patricia Lucas, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.    Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

## PARTIES

3.    Plaintiff, Patricia Lucas ("Lucas"), is a citizen of the State of Ohio, from whom Defendant attempted to collect a delinquent consumer debt owed for a Capital One credit card, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, Global Credit & Collection Corporation ("Global"), is a Delaware corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Global operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5.      Defendant Global is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, Global does business in Illinois by collecting delinquent consumer debts from thousands of Illinois consumers.

6.      Moreover, Defendant Global is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Global acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

7.      Ms. Lucas is a disabled woman with limited assets and income, who fell behind on paying her bills, including a consumer debt she owed for a Capital One credit card.  When Defendant Global tried to collect the Capital One debt from Ms. Lucas by sending her a collection letter, dated May 26, 2010, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Global's collection actions.  A copy of this letter is attached as Exhibit C.

8.      On July 13, 2010, one of Ms. Lucas' attorneys at LASPD informed Global, in writing, that Ms. Lucas was represented by counsel, and directed Global to cease

2

contacting her, and to cease all further collection activities because Ms. Lucas was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit <u>D</u>.

9.    Nonetheless, Defendant Global called Ms. Lucas, including, but not limited to calls on July 20, 2010 and July 23, 2010, from phone number 866-915-5209, to demand payment of the Capital One debt.

10.    Accordingly, on July 23, 2010, Ms. Lucas' LASPD attorney had to send Defendant Global another letter, directing Global to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit <u>E</u>.

11.    Undeterred, Defendant continued to call Ms. Lucas, including, but not limited to a telephone call on July 29, 2010, from phone number 866-915-5209, to demand payment of the Capital One debt.

12.    All of the collection actions complained of herein occurred within one year of the date of this Complaint.

13.    Defendant Global's collection communications are to be interpreted under the "unsophisticated consumer" standard. <u>See</u>, <u>Gammon v. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And To Cease Collections

14.    Plaintiff adopts and realleges ¶¶ 1-13.

15.    Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they

refuse to pay.  See, 15 U.S.C. § 1692c(c).

16.     Here, the letters from Ms. Lucas' agent, LASPD, told Defendant Global to cease communications and to cease collections (Exhibits D and E).  By continuing to communicate regarding this debt and demanding payment, Defendant Global violated § 1692c(c) of the FDCPA.

17.     Defendant Global's violations of § 1692c(c) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

18.     Plaintiff adopts and realleges ¶¶ 1-13.

19.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

20.     Defendant Global knew that Ms. Lucas was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibits D and E), that she was represented by counsel, and had directed Defendant Global to cease directly communicating with Ms. Lucas.  By directly calling Ms. Lucas, despite being advised that she was represented by counsel, Defendant Global violated § 1692c(a)(2) of the FDCPA.

21.     Defendant Global's violations of § 1692c(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Patricia Lucas, prays that this Court:

1.      Find that Defendant Global's debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Plaintiff Lucas, and against Defendant Global,

for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a)

of the FDCPA; and,

3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Patricia Lucas, demands trial by jury.

<div style="margin-left:40%">

Patricia Lucas,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

</div>

Dated:  August 2, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com